Minnie Ann HENNIGAN, et al.,
Plaintiffs-Appellants,

v.

OUACHITA PARISH SCHOOL BOARD,
et al., Defendants-Appellees.

No. 84–4157.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1985.

Jack Wright, Jr., Monroe, La., for plaintiffs-appellants.

McLeod, Verlander & Dollar, David E. Verlander, III, Monroe, La., for defendants-appellees.

Before CLARK, Chief Judge, GOLDBERG and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Minnie Ann Hennigan, as named representative of a class, appeals from the district court's denial of a motion for attorney's fees filed under the Civil Rights Attorney's Fees Awards Act of 1976.[1] Clarifying the test applied in this circuit, we hold that a plaintiff who achieves the goal sought in a civil rights suit by voluntary action of the defendant prevails within the meaning of the Act if she demonstrates that the suit caused the defendant to act,

unless the defendant proves that the plaintiff's claim had no colorable merit and the defendant made the change gratuitously for reasons unrelated to the potential merit of the suit. We therefore find that the class was the "prevailing party", reverse the judgment, and remand for a determination of the reasonable value of the services rendered by the attorneys for the plaintiff class.

I.

At the time this suit was filed, the City of Monroe, Louisiana, which is located in Ouachita Parish, had an independent school district, with a board elected only by and from residents of the City, but Ouachita Parish School Board members were elected by and from residents of the entire Parish, including the City. Thus, City residents had representation on both boards. This class action was instituted by a group of citizens of the Parish who resided outside the City. They sought reapportionment of the Parish School Board so that members of the Board would be elected only by and from residents of the Parish who did not live inside the city limits of Monroe.

The petition alleged that allowing City voters to elect any members of the Parish School Board improperly diluted the voting power of the residents of the Parish who resided outside the City limits, thus violating the equal protection clause of the fourteenth amendment. The class, therefore, sought reapportionment of the Parish School Board pursuant to a provision of the 1974 Louisiana Constitution[2] which requires totally separate and independent school boards for the City of Monroe and for the remainder of Ouachita Parish. This

1. 42 U.S.C. § 1988.

2. Article 8, Section 10(B) of the 1974 Constitution of the State of Louisiana provides as follows:

(B) *Ouachita Parish and Monroe City School Systems; Board Membership.* Only persons residing within the jurisdiction of the Monroe City School Board shall be eligible to vote for or be members of the Monroe City School Board. Only persons residing in that portion of Ouachita Parish outside the jurisdiction of the Monroe City School Board shall be eligi-

ble to vote for or be members of the Ouachita Parish School Board. The position of a member of either board shall be vacated when he no longer satisfies the requirements of this Paragraph. Notwithstanding any contrary provision of this constitution, this Paragraph shall become operative upon the election of members of the Ouachita Parish School Board taking office in 1977 or upon the first reapportionment affecting the Ouachita Parish School Board, whichever occurs earlier.

provision had never been implemented because shortly after adoption of the 1974 Louisiana Constitution the United States Justice Department had objected to it on the ground that students from the City of Monroe were allowed to attend Ouachita Parish schools and vice versa. This boundary-crossing practice was banned by the district court's 1980 ruling in a school desegregation case, *Taylor v. Ouachita Parish School Board.* [3]

In addition to seeking enforcement of the Louisiana Constitution, the class also sought reapportionment of the Parish School Board based on the 1980 Census, as required by the Voting Rights Act,[4] and any other equitable relief deemed proper by the court. The class submitted a detailed reapportionment plan based on totally separate boards for the Parish and the City of Monroe.

In December, 1982, the district court granted partial summary judgment for the Parish School Board on both the Louisiana constitutional and the 1980 Census reapportionment issues. The court specifically stated, however, that the class still might be entitled to equitable relief under the equal protection clause of the fourteenth amendment, "if sufficient facts can be proved."

The court certified the case as a class action in March, 1983. At the certification hearing, the court suggested the possibility of asking the Justice Department to reconsider its earlier rejection of the Louisiana constitutional provision in the light of the district court's holding in *Taylor.* The court asked representatives of the School Board to communicate with the Justice Department about this possibility. Counsel for the class admitted that, if the Justice Department withdrew its objection to the constitutional provision and the Parish School Board voluntarily implemented it, the claims of the class would be moot. Class counsel also stated, however, that the class would seek attorney's fees even if this happened.

Upon application of the School Board, the Justice Department reconsidered its earlier objections, and granted preclearance of the reapportionment provisions which the Board later put into effect. The class then filed its motion for attorney's fees under the Act, 42 U.S.C. § 1988. The district court found the plaintiffs had failed to satisfy "the legal requirements set forth by the governing statutes and the interpretations thereof by the Fifth Circuit," and denied the motion for attorney's fees on behalf of the plaintiff class.

## II.

The Act[5] limits eligibility for attorney's fees to the "prevailing party" in a civil rights action. Federal courts have not agreed on the test for determining who is the "prevailing party." The Fifth Circuit has adhered to a standard that, in part, requires the prevailing plaintiff to achieve success on "the central issue as exhibited by the fact that he has acquired the primary relief sought."[6] The First Circuit, in what the Supreme Court has referred to as a typical formulation, has held that the plaintiff must "succeed on any significant issue in the litigation which achieves some

---

**3.** Civil Action No. 12, 171 (W.D.La., filed July 22, 1966).

**4.** 42 U.S.C. §§ 1973 *et seq.*

**5.** 42 U.S.C. § 1988 provides in pertinent part: In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**6.** *Iranian Students Ass'n, Inc. v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979) (citations omitted); *Taylor v. Sterrett,* 640 F.2d 663, 669 (5th Cir. 1981). *But see Commonwealth Oil Refining Co., Inc. v. EEOC,* 720 F.2d 1383 (5th Cir.1983) (Tate, J., dissenting). For discussions of the extent of success required to be a prevailing party entitled to attorney's fees, see L. Bartell, *Federal Court Awards of Attorney's Fees,* 1111–27, *reprinted in* Civil Practice and Litigation in Federal and State Courts (ALI–ABA Course of Study Materials 1984); S. Nahmod, Civil Rights & Civil Liberties Litigation (1984 Supp.) § 1.19.

of the benefit the parties sought in bringing suit." [7] All of the circuit courts have consistently held, however, that a plaintiff may also prevail for § 1988 purposes when the case terminates in his favor by settlement, or when the defendant voluntarily undertakes action that results in accomplishment of the plaintiff's goal even though it moots the case.[8]

## III.

The Fifth Circuit opinions have not articulated a consistent standard for measuring whether a plaintiff whose efforts did not result in a judgment in his favor has succeeded sufficiently to be a prevailing party. The district judge may understandably have been misled, for we have phrased the test differently, in a number of opinions.[9] Thus, in *Coen v. Harrison County School*

*Board,* [10] we set forth a two-part test: (1) the plaintiff must have obtained the final relief sought in the lawsuit; and (2) his suit must have been a major factor in achieving that result.[11]

Another formulation of the standard in *Williams v. Leatherbury,* [12] has been even more frequently cited:

[A] plaintiff may still recover attorney's fees if he can show both a causal connection between the filing of the suit and the defendant's actions and that the defendant's conduct was required by law, *i.e.,* not a wholly gratuitous response to an action that in itself was frivolous or groundless.[13]

This is consistent with the doctrine developed by the First Circuit in *Nadeau v. Helgemoe,* [14] and has been adopted by the majority of circuits.[15]

7. *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978). *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

8. *See Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980); *Wooten v. Housing Authority of City of Dallas,* 723 F.2d 390, 392 (5th Cir.1984). *See generally* L. Bartell, *supra* n. 6, at 1118–22.

9. *See, e.g., Smith v. Thomas,* 725 F.2d 354 (5th Cir.1984); *Wooten v. Housing Authority of City of Dallas,* 723 F.2d 390 (5th Cir.1984); *Posada v. Lamb County, Texas,* 716 F.2d 1066 (5th Cir. 1983); *Laurenzo by Laurenzo v. Mississippi High School Activities Ass'n, Inc.,* 708 F.2d 1038 (5th Cir.1983); *Espino v. Besteiro,* 708 F.2d 1002 (5th Cir.1983); *Williams v. Leatherbury,* 672 F.2d 549 (5th Cir.1982); *Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981); *Williams v. City of Fairburn, Georgia,* 640 F.2d 635 (5th Cir.1981); *Coen v. Harrison County School Board,* 638 F.2d 24 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982); *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980); *Iranian Students Ass'n, Inc. v. Edwards,* 604 F.2d 352 (5th Cir.1979); *Criterion Club of Albany v. Dougherty County, Georgia,* 594 F.2d 118 (5th Cir.1979).

10. 638 F.2d 24 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982).

11. *But see Robinson v. Kimbrough,* using the single inquiry: whether the plaintiff's lawsuit was a "substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." 652 F.2d 458, 466 (5th Cir.1981); *Posada v. Lamb County, Texas,* 716

F.2d 1066 (5th Cir.1983), developing a three-pronged analysis for determining "prevailing party" status: "[a] 'prevailing party' is one whose 'ends are accomplished as the result of the litigation even without formal judicial recognition,' and who 'can show both a causal connection between the filing of the suit and the defendants' action and that the defendants' conduct was required by law.'" *Id.* at 1071 (citations omitted).

12. 672 F.2d 549 (5th Cir.1982).

13. *Id.* at 551.

14. 581 F.2d 275 (1st Cir.1978).

15. *See Environmental Defense Fund, Inc. v. EPA,* 716 F.2d 915, 919 (D.C.Cir.1983); *Johnston v. Jago,* 691 F.2d 283, 286 (6th Cir.1982); *Harrington v. DeVito,* 656 F.2d 264, 266–67 (7th Cir. 1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982); *United Handicapped Federation v. Andre,* 622 F.2d 342, 346 (8th Cir. 1980); *California Ass'n of the Physically Handicapped, Inc. v. FCC,* 721 F.2d 667, 671–72 (9th Cir.1983); *Operating Engineers Local Union No. 3 v. Bohn,* 737 F.2d 860, 863 (10th Cir.1984). *See generally* L. Bartell, *supra* n. 6, 1122; J. Kirkland, *The Recovery of Attorney's Fees in Civil Rights Cases Pursuant to 42 U.S.C. Section 1988,* 476–81, *reprinted in* Recent Developments in Section 1983 Civil Rights Litigation (Practicing Law Institute 1984).

Other circuits, however, have held the plaintiff need establish only a causal connection between his lawsuit and the remedial action taken by the defendant. *See Bonnes v. Long,* 599 F.2d

In our recent decision in *Garcia v. Guerra*, [16] the panel majority stated that the plaintiff need demonstrate only that his claim is "not frivolous," meaning that "it is arguably supported by case or statutory law." [17] Judge Randall, in a concurring opinion, stated that the plaintiff must present only a "colorable" claim to satisfy the legal-obligation inquiry. [18]

Despite their variety, all of our prior formulations of the applicable criteria have certain elements in common. All recognize the initial need to identify the goal that the plaintiff sought to achieve in bringing his civil rights action. Although the opinions have not always identified the precise legal or factual condition that the plaintiff sought to change, all have determined the nature of the benefit the plaintiff hoped to gain, or the burden of which he hoped to be relieved, by bringing the lawsuit. [19]

■ Using this as a benchmark, the first element that must be established by a plaintiff claiming prevailing party status is whether, as a practical matter, the plaintiff's goal was achieved. This is determined in this circuit by applying the central-issue test. In other circuits, as we have discussed, the plaintiff need "succeed [only] on any significant issue in the litiga-tion which achieves some of the benefit [he] sought in bringing suit." [20]

■ When the plaintiff's goal has been achieved by the defendant's unilateral action, the plaintiff must of course also show that the lawsuit caused the defendant to act, and thus allowed the plaintiff to achieve his desired goal. To demonstrate this causal connection, the plaintiff must demonstrate that his suit was "a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." [21] This means more, however, than merely showing that the event occurred after suit was filed. Here, as elsewhere in the law, *propter hoc* must be distinguished from *post hoc*. The inquiry has been described as "an intensely factual, pragmatic one," [22] and courts should carefully consider the chronology of events in order to assess the provocative effect of the plaintiff's lawsuit. [23]

■ When the plaintiff has shown both that he succeeded on the central issue in the litigation and that the lawsuit caused the defendant to act, he has made a prima facie case that he is the prevailing party and entitled to attorney's fees. There is no reason to require the plaintiff to prove, in

1316, 1319 (4th Cir.1979), *on appeal after remand,* 651 F.2d 214, 217 (4th Cir.1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); *see also Shadis v. Beal,* 685 F.2d 824, 831 n. 11 (3d Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 282 (1982); *Fields v. Tarpon Springs,* 721 F.2d 318, 321 (11th Cir. 1983). *See generally* J. Kirkland, *supra,* 477–78, 480–81.

**16.** 744 F.2d 1159 (5th Cir.1984).

**17.** *Id.* at 1163.

**18.** *Id.* at 1166 (Randall, J., concurring).

**19.** *See Espino v. Besteiro, supra,* 708 F.2d at 1007 ("we must ask whether, 'as a realistic matter, the plaintiff … has gained anything from his suit that [he] could not have obtained without litigation.' "), *citing, Coen v. Harrison County School Board, supra,* 638 F.2d at 26–27; *Robinson v. Kimbrough, supra,* 652 F.2d at 465 (proper focus is "upon type of relief obtained from the defendants as a result of the lawsuit."); *Iranian Students Ass'n, Inc. v. Edwards, supra,* 604 F.2d at 353 ("the proper focus is whether the

plaintiff has been successful on the central issue.") (citation omitted).

**20.** *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting, Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978). *See also Posada v. Lamb County, Texas, supra,* 716 F.2d at 1071 n. 6.

**21.** *Garcia v. Guerra,* 744 F.2d 1159 at 1162; *Posada v. Lamb County, Texas,* 716 F.2d 1066, 1072 (5th Cir.1983); *Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir.1982); *Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982); *Robinson v. Kimbrough,* 620 F.2d 458, 476 (5th Cir.1981).

**22.** *Posada v. Lamb County, Texas, supra,* 716 F.2d at 1072. *See also Wooten v. Housing Authority of City of Dallas, supra,* 723 F.2d at 392.

**23.** *See Wooten v. Housing Authority of City of Dallas, supra,* 723 F.2d at 392; *Posada v. Lamb County, Texas, supra,* 716 F.2d at 1072; *Robinson v. Kimbrough, supra,* 625 F.2d at 466.

addition, that the defendant's conduct fulfilled a legal obligation or otherwise to show the defendant's motivation.[24]

■ However, a plaintiff who brings an action that has no colorable, or even reasonable, likelihood of success on the merits is not entitled to recover attorney's fees if the defendant simply complies with the plaintiff's demands and moots the case for reasons that have nothing to do with the potential merit of the suit. Whether activated by economic, political, or purely personal concerns, a defendant may choose voluntarily to make the change sought in the suit rather than undergo protracted and expensive litigation.

■ A defendant who contends that his conduct was a wholly gratuitous response to a lawsuit that lacked colorable merit, must demonstrate the worthlessness of the plaintiff's claims and explain why he nonetheless voluntarily gave the plaintiffs the requested relief. Forcing the defendant to establish that the plaintiff has not presented a cognizable claim is consistent with the Federal Rules of Civil Procedure which allocates this burden to the defendant at every stage of the litigation.[25]

## IV.

■ All that remains is to apply this standard to the facts of this case. The goal sought by the plaintiff class was reapportionment of the Ouachita Parish School Board so that its members would be elected entirely by and from residents who live outside the City. The plaintiffs fully achieved their goal. Although preclearance was the means by which the plaintiffs' goal was obtained, the effectuation of the Louisiana constitutional provision was only one of several possible avenues. In fact, the district court had dismissed the claim based on the Louisiana Constitution and

the case was proceeding solely on an equal protection theory at the time the school board sought reconsideration. The district court properly ignored the route taken, however, and focused instead on the fact that the plaintiffs arrived at their sought-after destination. The first element of the "prevailing party" standard is, therefore, satisfied.

The district court found that, "[t]he impetus of the class action suit was a substantial catalyst setting in motion a process which resulted in the Justice Department's withdrawal of its objection," and allowed the class to obtain the desired reapportionment. The district court thus properly weighed the causal tie between the plaintiffs' lawsuit and the final result.

Given that the plaintiffs have established both criteria to recovery, the defendants must demonstrate that the plaintiffs have not presented a colorable claim for relief. The record shows, however, that they will be unable to do so. The district court expressly denied defendants' motion to dismiss the suit for failure to state a claim upon which relief can be granted. The court found this motion to be "without merit," and the defendants have failed to demonstrate that this finding is erroneous. There is no reason, therefore, to deny the plaintiffs attorney's fees as the "prevailing party" under § 1988.

Because fees are due under the standard we have applied, we do not discuss the possibility that fees might also be awarded despite the fact that the plaintiffs' constitutional equal protection claims were never reached, a basis found sufficient in *Smith v. Robinson*[26] when the plaintiff prevailed on a non-fee claim and the court did not reach the constitutional fee-basis claim.

For these reasons, the decision of the district court is REVERSED. We REMAND this case to the district court for a

24. *See Collins v. Chandler Unified School District,* 644 F.2d 759 (9th Cir.1981); *Johnson v. Summer,* 488 F.Supp. 83 (N.D.Miss.1980).

25. *See* Fed.R.Civ.P. 12(b); 41(b); 50(a); 50(b); 56.

26. —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); *See Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). *McDonald v. Doe,* 748 F.2d 1055 No. 84–3412 (5th Cir. December 20, 1984); *Raley v. Fraser,* 747 F.2d 287 (5th Cir.1984).

determination of the reasonable value of the services rendered by the attorneys for the plaintiff class in accordance with the factors enunciated in *Johnson v. Georgia Highway Express, Inc.,* [27] and our later decisions interpreting that standard.[28]

**27.** 488 F.2d 714 (5th Cir.1974).

**28.** *Graves v. Barnes,* 700 F.2d 220, 222 (5th Cir. 1983); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092–93 (5th Cir.1982); *Copper Liquor, Inc. v. Adolph Coors, Co.,* 624 F.2d 575, 583 (5th Cir.1980).