Evan HARRIS, By and Through Sharon HARRIS, Administratrix, Plaintiff,

v.

JONES COUNTY, MISSISSIPPI; Morris Brown, Gene Whitley, James Rasberry, Preston B. Tanner, L.S. Bynum, Supervisors of Jones County, Mississippi; Jones County Sheriff Department; George Chancellor, Sheriff of Jones County; J.J. Roberts, A Jones County Deputy, Defendants.

Civ. A. No. H80–0104(R).

United States District Court, S.D. Mississippi, Hattiesburg Division.

Jan. 24, 1985.

---

William E. Ready, Jr., George Follett, Ready & Associates, Meridian, Miss., for plaintiffs.

. A.H. McRae, Jr., Anthony L. Thaxton, Sumrall & Thaxton, Laurel, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

DAN M. RUSSELL, District Judge.

This cause is presently before the Court upon the plaintiff's motion for attorney's fees. It is the plaintiff's contention that as prevailing party and pursuant to 42 U.S.C. § 1988 (1982)[1] attorney's fees are warranted and due. The plaintiff requests that the Court award $56,349.78 in attorney's fees and $3,862.12 in expenses for prosecution of this § 1983 action. The defendant on the other hand contends that attorney's fees and expenses should be denied. The defendant asserts that the plaintiff was not the prevailing party and further denies that

---

**1.** 42 U.S.C. § 1988 provides in pertinent part: In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

the conditions for and treatment of inmates in the Jones County Jail have been improved as a result of the settlement of this case. The Court for the reasons stated below agrees with the defendants' position and denies the plaintiff's motion for attorney's fees.

## I. THE FACTS

Since the Court was never given the opportunity to hear the entire case, it will glean from the complaint, answer, requests for admission, interrogatories, deposition and pretrial order what facts appear without dispute.

This was an action for declaratory relief and monetary damages brought by Evan Harris, a former detainee in the Jones County, Mississippi Jail. Sharon Harris, widow of Evan Harris, was substituted as the representative plaintiff following the death of Evan Harris on or about August 19, 1984. The plaintiff sought relief pursuant to 42 U.S.C. § 1983 and other federal laws and Mississippi statutory and common law against Jones County, the Jones County Board of Supervisors, the Jones County Sheriff, a Jones County Jailor, the Mississippi State Highway Safety Patrol and a Highway Patrol Officer, C.R. Landrum. The Highway Safety Patrol and Officer Landrum were dismissed from the suit on September 10, 1980 and August 12, 1982, respectively.

The plaintiff's claim was based upon the alleged false arrest, the alleged failure by the defendant to provide for the safety and security of the plaintiff, the alleged failure by the defendants to provide adequate medical care, and the alleged failure to provide for the safety and security of the plaintiff while in custody and while confined in the Jones County Jail. The plaintiff sought declaratory relief; that the acts and omissions by the defendants violated the plaintiff's rights to due process and to be free from cruel and unusual punishment as guaranteed by the eighth, fourteenth and other amendments to the United States Constitution. In addition, the plaintiff sought a declaratory judgment that these alleged acts and omissions violated his rights under Mississippi law. The plaintiff also pursued compensatory and punitive damages as well as injunctive relief.

Specifically, the plaintiff alleged that while the defendants were acting under color of the authority of the State of Mississippi as members of the Jones County Sheriff's Department, they subjected the plaintiff to the deprivation of his rights and privileges secured and protected by the Constitution and laws of the United States, namely, the Constitutional right not to be deprived of his liberty without due process of law. The plaintiff thus brought this action to recover all damages which he claims he was entitled to as a result of the alleged violation of certain guaranteed Constitutional rights, including all damages from the alleged deliberate wrongful treatment and resulting subsequent injuries received, and all damages allowed by both the laws of the United States and of the State of Mississippi.

Between the hours of 6:00 a.m. and 7:00 a.m. on the morning of January 30, 1980, plaintiff Harris' car was noticed parked off I–59 in Laurel, Mississippi by Officer C.R. Landrum of the Mississippi Highway Patrol. After observing Evan Harris' physical condition, Officer Landrum transported the plaintiff to the Jones County Jail where he was subsequently booked for public drunkenness. Evan Harris brought suit alleging that he was not drunk but was physically ill and had suffered a stroke. It was thus the plaintiff's contention that he was deprived of proper medical attention as well as his liberty.

The defendants contended that at about 6:30 a.m., on January 30, 1980, the plaintiff was brought to Jones County Jail by Officer C.R. Landrum of the Mississippi Highway Safety Patrol and booked for public drunkenness. The defendants further contended that after the plaintiff was booked, the defendant, J.J. Roberts, the jailer and radio dispatcher asked the plaintiff questions regarding his health, and asked if he wished to use the telephone or wanted someone to make a call for him. To this the defendants alleged that the plaintiff replied that he was not sick, was in good

health and that he did not want to make a call. The defendants also alleged that the plaintiff appeared to be in good health and not suffering from any health problem of any kind.

The defendants' next contentions were as follows: Officer Landrum placed the plaintiff in a downstairs cell next to the radio room. Officer Landrum then left the Jones County Jail for a short while and at approximately 7:30 a.m. he came back to the Jones County Jail and brought the plaintiff before Judge J.C. Odom in the radio room. After some conversation between the plaintiff, Officer Landrum and Judge Odom, Judge Odom released the plaintiff on his own recognizance. Officer Landrum and the plaintiff then tried to secure transportation to Meridian for the plaintiff but failed. The plaintiff was picked up by some friends in the late afternoon. The defendants also asserted that the plaintiff was at the jail for only one hour and at that time was not under their control but was under the control of Officer Landrum who was dismissed from the suit. Finally, the defendants maintained that they did not violate any of the plaintiff's constitutional rights and that they acted in good faith toward the plaintiff.

The following are facts which were established by the pleadings, by stipulation or by admissions of counsel:

(a) The charges against Mr. Harris were "dropped" with no trial being held.

(b) Defendant J.J. Roberts was the jailer of Jones County Jail at the time of the booking of Mr. Harris.

(c) Mr. Harris was booked at approximately 6:30 a.m.

(d) At the time of Mr. Harris' arrest, acceptance and detention, there was no resolution, order, promulgation of or plans for standards officially passed or enforced by the Jones County Board of Supervisors or the sheriff's office, directing the enforcement of or staff training and supervision in rules or standards to determine the acceptance of persons accused of law violations or rules of legally or constitutionally correct observation or treatment of Jones County Jail inmates or detainees.

(e) The jailer, defendant J.J. Roberts, was not required to, requested to, nor did he perform anything other than personal perceptive test to determine if Mr. Harris was intoxicated when he was placed in the Jones County Jail for public drunk.

(f) That trusties were utilized for observing inmates' and detainees' physical and safety conditions, taking messages to and from inmates and jailers and supervision of inmates and detainees' conduct and communication.

(g) That on January 20, 1980, the sheriff's department did not have any rules or regulations concerning required testing of Mr. Harris to determine if he was in fact actually intoxicated or not.

## II. THE LAW

The United States Supreme Court has held that the legislative history of 42 U.S.C. § 1988 indicates that in some circumstances a party may be labelled as a prevailing party without having obtained a favorable final judgment following a full trial on the merits. *Hanrahan v. Hampton*, 446 U.S. 754, 756–7, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980). In *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the Court went one step further and held that the fact that a party prevails through settlement rather than litigation does not weaken a claim for attorney's fees. *Id.* at 129, 100 S.Ct. at 2574. The Court has recently stated that when efforts have succeeded on some issues but not on others, "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). The test for determination of prevailing party status, regardless whether the party has "prevailed" through full trial on the merits or by way of settlement; has not been agreed upon in the federal courts. *Hennigan v. Ouachita Parish School Board*, 749 F.2d 1148 (5th Cir.1985). However, the *Hennigan* decision has articulated the standard to be applied in this circuit for determination of whether a plaintiff whose efforts did not result in judgment in his favor has succeeded sufficiently to be a

prevailing party. The Fifth Circuit in *Hennigan* has provided a two-part test along with what this Court will label as a dispositive condition that the suit have colorable merit; a reasonable, likelihood of success on the merits.

■ The first element of the two-part test that must be established by a party attempting to claim prevailing party status is "whether, as a practical matter, the plaintiff's goal was achieved." *Hennigan,* 749 F.2d at 1152. This is determined by the "central-issue" test; "the plaintiff need succeed only on any significant issue in the litigation which achieves some of the benefit he sought in bringing suit." *Id. Citing Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting Nadeau v. Helgemoe,* 581 F.2d 275, 278–9 (1st Cir.1978). *See also Posada v. Lamb County, Texas,* 716 F.2d 1066, 1071 n. 6 (5th Cir.1983).

The second element of the analysis is whether the plaintiff can "show that the lawsuit caused the defendant to act, and thus allowed the plaintiff to achieve his goal. To demonstrate this causal connection, the plaintiff must demonstrate that his suit was 'a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior' " *Hennigan,* 749 F.2d at 1152 (citations omitted). When the plaintiff has met both of the above elements, that he has succeeded on the central issue of the litigation, and he has caused the defendant to act, he has then made out a prima facie case that he is a prevailing party and entitled to attorney's fees. *Id.*

■ The dispositive condition which this Court spoke of earlier provides that:

a plaintiff who brings an action that has no colorable, or even reasonable, likelihood of success on the merits is not entitled to recover attorney's fees if the defendant simply complies with the plaintiff's demands and moots the case for reasons that have nothing to do with the potential merit of the suit.

*Hennigan,* 749 F.2d at 1152. Apparently this condition is applicable in conjunction with the two-part analysis above.

## III. APPLICATION: DETERMINATION OF PREVAILING PARTY STATUS

■ Was Evan Harris, by and through Sharon Harris as Administratrix of Evan Harris' estate, the prevailing party? As stated above, the defendants and the plaintiff settled this case on the day of trial. The Agreed Order of Dismissal signed by all of the parties' attorneys orders that:

1. The defendants pay unto the plaintiff the sum of $7,500.00 in settlement and satisfaction of plaintiff's claims for the wrongs and injuries to Evan Harris and each defendant is and shall be jointly and severally liable for payment of said sum.

2. Plaintiff's claims for declaratory and injunctive relief are, pursuant to the agreement of all parties, dismissed, as moot.

3. Defendants shall pay all costs of Court herein.

The first element of our analysis is whether the plaintiff's goal was achieved; whether the plaintiff succeeded on any significant issue in the litigation which achieved some of the benefit he sought in bringing the suit. As the Agreed Order of Dismissal provides the plaintiff is to receive $7,500.00 in settlement and satisfaction of his claims for wrongs and injuries sustained by him. The Agreed Order also dismisses as moot the plaintiff's claims for declaratory and injunctive relief.

The plaintiff brought suit seeking declaratory relief and monetary damages for injuries allegedly sustained while incarcerated in the Jones County Jail. The suit was brought pursuant to 42 U.S.C. § 1983, other federal laws and Mississippi statutory and common law. The defendants did agree to pay the plaintiff $7,500.00 in settlement and satisfaction for the wrongs and injuries sustained. Certainly the plaintiff's suit was brought with the hope of recovering some monetary damages. Furthermore, the damages sustained by the plaintiff would have been a significant issue at trial. Thus any monetary recovery by the plaintiff for wrongs and injuries would satisfy the first element of our analysis. Therefore, the Court is of the opinion that the plaintiff has succeeded on a signif-

icant issue in the litigation and he has achieved some of the benefit he sought in bringing the suit.

The second element, a demonstration that the suit was a substantial factor or significant catalyst in motivating the defendants to end their unconstitutional behavior, has not been met. The Fifth Circuit beacons that an inquiry into this aspect of the case is "an intensely factual, pragmatic one." *Posada, supra,* 716 F.2d at 1072. While the plaintiff does not have to prove his efforts were the sole reason for the defendant's rectifying conduct, *Id.,* he must show that the suit was "if not the sole reason for his success, [then it was] at least a major factor in bringing it about. A civil rights plaintiff may not collect attorney's fees for demanding that a state officer do what he would have done in any case." *Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir.1981); *Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir.1982); *Posada, supra,* 716 F.2d at 1072.

The case *sub judice* does not present the intense pragmatic factual inquiry the Fifth Circuit imagined. There has not been any proof submitted to the Court in any form which indicates that the defendants were guilty of any unconstitutional behavior of any type. Nor is there any proof to show that the defendants have made any changes in their behavior because of this lawsuit. In this motion the only mention made of this particular element is made by the defendants in their outright denial that the conditions of the Jones County Jail have not been improved as a result of this suit. Further, on what grounds the declaratory and injunctive relief sought were mooted were not presented to the Court. The mere fact that the defendants signed an agreed order ordering them to pay unto the plaintiff $7,500.00 for wrongs and injuries does not constitute an admission of unconstitutional behavior now rectified. Thus part-two of the test has not been met, the plaintiff has not made out a prima facie case that he is prevailing party, and the plaintiff is not as a matter of law entitled to attorney's fees.

Finally, this Court believes that even had the plaintiff somehow met the above conditions to recovery of attorney's fees, the dispositive condition outlined earlier herein would have barred such an award. To repeat its directives:

> a plaintiff who brings an action that has no colorable, or even reasonable, likelihood of success on the merits is not entitled to recover attorney's fees if the defendant simply complies with the plaintiff's demands and moots the case for reasons that have nothing to do with the potential merits of the suit.

*Hennigan,* 749 F.2d at 1152.

One could assert that this Court lacks the requisite knowledge of the facts of this case to meaningfully decide whether the claims presented by the plaintiff are of such constitutional magnitude as to be labeled colorable or groundless. However, this Court has had sufficient exposure to the facts and law of this particular case to determine whether, if the plaintiff had continued to press their claims, their action could be considered as lacking colorable merit, with no reasonable likelihood of success on the merits. *Compare Nadeau, supra,* 581 F.2d at 281.

■ The remaining defendants were Jones County, the supervisors of Jones County, the Jones County Sheriff's Department, George Chancellor, Sheriff of Jones County, and J.J. Roberts, the Jones County Deputy who was jailor at the time. The arresting patrolman was granted his motion for summary judgment and let out of the action by United States District Judge William Harold Cox. The law as to county/municipality liability under § 1983 action is that a county or municipality or local government is liable under § 1983 only when the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to present official policy, cause injury to a person. *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See Bennett v. City of Slidell,* 728 F.2d 762,

766 (5th Cir.1984); *Languirand v. Hayden,* 717 F.2d 220, 223 (5th Cir.1983).

"[T]he complainant must [A] identify the policy, [B] connect the policy to the city itself, and [C] show that the particular injury was incurred because of the execution of the policy." *Bennett,* 728 F.2d at 767. A policy may be the result of a council's direct orders, or conduct in actual practice which constitutes custom and usage. In describing "custom or usage", the Supreme Court in *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 173–174, 90 S.Ct. 1598, 1616–17, 26 L.Ed.2d 142 (1970), as cited in *Bennett,* 728 F.2d at 768, used such phrases as "persistent and widespread ... practices", "systematic maladministration of the laws", practices that are "permanent and well settled", and "deeply embedded traditional ways of carrying out ... policy." *Id.* The Court believes this was an onerous standard which the plaintiff would not have been able to prove with the required evidentiary burden of success, a preponderance of the evidence. *Randle v. Indianola Municipal Separate School District,* 373 F.Supp. 766, 770 (N.D.Miss.1974).

■ The plaintiff's claims against the Jones County Sheriff's Department and George Chancellor, Sheriff, were also questionable. A sheriff cannot be held liable under § 1983 for the unlawful actions of his deputies on the basis of vicarious liability. *Baskin v. Parker,* 602 F.2d 1205 (5th Cir.1979). A plaintiff can recover damages from the sheriff if he actively participated in the actions causing the deprivation of the plaintiff's constitutional rights, or affirmatively adopted policies which were wrongful or illegal and which caused the constitutional deprivation. *Id.* at 1208; *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir.1980). The plaintiff must establish a causal connection between acts of the sheriff and the resultant constitutional deprivation. *Reimer v. Smith,* 663 F.2d 1316, 1323 (5th Cir.1981). The failure to adopt policies to prevent constitutional violations does not serve as an adequate basis for liability under § 1983. *Wanger,* 621 F.2d at 680. Again, the Court believes this causal connection could not have been established keeping the required evidentiary

burdens in mind. Thus, the only remaining viable defendant would be J.J. Roberts, the Jones County deputy and jailer.

■ The plaintiff also made eighth amendment allegations against the defendants. The plaintiff could not recover on the basis of that amendment. *See Thibodeaux v. Bordelon,* 740 F.2d 329 (5th Cir. 1984). The Supreme Court has held that the eighth amendment protects only those who have been convicted of a crime. *Ingraham v. Wright,* 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977). The amendment does not protect pretrial detainees. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). As stated by the Court in *Ingraham:*

> Eight Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions ... [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. *Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.*

*Ingraham, supra,* 430 U.S. at 671–2, n. 40, 97 S.Ct. at 1412–13, n. 40. (emphasis added). Since there had not been a formal adjudication of guilt at the time of Evan Harris' incarceration he cannot state a cause of action under the eighth amendment. *City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1984).

The Court does not purport to hold the above discussion as findings of fact and conclusions of law. The Court does conclude that the plaintiff's action lacked a reasonable, likelihood of success on the merits. Based on the foregoing, that the plaintiff failed to meet the requisite two-part *Hennigan* test, and the "dispositive condition" of colorable, reasonable likelihood of success on the merits, the Court is

of the opinion that the plaintiff lacks prevailing party status within the standards enunciated by the Fifth Circuit and that the plaintiff's motion for attorney's fees and expenses should be denied.