**Victor SOROLA, et al,
Plaintiffs-Appellants,**

v.

**The CITY OF LAMESA, Texas, et al,
Defendants-Appellees.**

**No. 86–1305
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1987.

William L. Garrett, Dallas, Rolando L. Rios, San Antonio, Tex., for plaintiffs-appellants.

Willis E. Gresham, Jr., Gresham, Fulbright & Casselberry, William E. Fulbright, Lamesa, Tex., for defendants-appellees.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant seeks an award of nearly $20,000 for prosecuting a matter under the Voting Rights Act which was collateral to an earlier lawsuit awarding redistricting of the Lamesa City Counsel. Finding no clear error or abuse of discretion in the district court's denial of attorneys fees, we AFFIRM.

The prior litigation mandated that the city council be elected by majority vote from three single-member districts and four at-large races to be determined by plurality vote. In March 1985, while absentee voting was in progress, appellant Sorola complained that the ballots were incorrectly worded to state "vote for two (vote por dos)." The City Secretary Gorsline assured appellant that voters in future elections would be instructed to vote for "not more than two" candidates. (It is obvious that the city could not have modified its ballot between the commencement of absentee voting and the holding of the April election.) Various communications between Sorola and his lawyers, representatives of the city and the Justice Department transpired intermittently between April and the following October. On October 15, 1985, City Manager Paul Feazelle informed Sorola's attorney that the city was still researching the ballot language problem. He assured Sorola's attorney of the city's intention to abide by the court's order in the voting rights lawsuit, to abide by the Texas Election Code and to fulfill requests of the citizens of Lamesa.

On October 17 and 21, 1985, according to his uncontested affidavit, Gorsline discussed the ballot language situation with representatives of the Justice Department and submitted sample ballots reading "vote

for not more than two" in English and Spanish. Gorsline was not aware of appellant's lawsuit until October 23.

This action was filed October 18, 1985, seeking a declaratory judgment that would outlaw ballots instructing voters to "vote for two." The city contended this action was moot because it had already agreed so to amend its ballots. On December 19, 1985, the parties entered into an agreed order modifying the ballot language to the form already submitted to the Justice Department. The district court subsequently denied appellant's motion for an award of attorneys fees pursuant to 42 U.S.C. § 1973*l* (e) and 1988.

■ This Court reviews awards of attorneys' fees under the abuse of discretion standard. *Warren v. Reserve Fund, Inc.,* 728 F.2d 741, 748 (5th Cir.1984). Although a prevailing plaintiff in a civil rights case should be awarded attorneys' fees absent special circumstances that would render an award unjust, *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), the plaintiff must establish that his lawsuit was a substantial or motivating factor in ending the complained-of conduct of defendants. *Hennigan v. Ouachita Parish School Board,* 749 F.2d 1148, 1152 (5th Cir.1985). If the plaintiff proves his prima facie case, the defendant must prove that "the plaintiff's claim had no colorable merit and the defendant made the change gratuitously for reasons unrelated to the potential merit of the suit" *Id.* at 1149. Moreover, "courts should carefully consider the chronology of events in order to assess the provocative effect of the plaintiff's lawsuit." *Id.* at 1152.

■ Because the district court's findings of fact in connection with its ruling are not clearly erroneous, it did not abuse its discretion in denying an award of attorneys fees. The district court found that appellant's lawsuit did not cause the city of Lamesa to amend its election ballots. The city responded to appellant's motion for attorney's fees with an affidavit from City Secretary Gorsline. That affidavit, together with the other factors identified in the chronology contained in the district court's opinion, established that as early as March 20, 1985, the city had decided to reword its election ballots. More tellingly, Gorsline submitted amended ballots to the Justice Department on October 21, 1985, containing the changes sought by appellants. Gorsline swore that he did not see a copy of appellant's complaint until October 23. Appellants presented no evidence contradicting Gorsline's affidavit nor any evidence that any city official had refused to amend the election ballots. The district court therefore did not clearly err when it concluded that the parties were negotiating this issue prior to suit, the Justice Department and the city were discussing the issue prior to suit, and the defendants had substantially agreed to the language change. Moreover, the district court's careful chronology of events, together with a succinct summary of its conclusions, provided a sufficient basis for appellate review and therefore satisfied Fed.R.Civ.Proc. 52(a). See *Ratliff v. Governor's Highway Safety Program,* 791 F.2d 394, 400 (5th Cir.1986). Appellant's contrary contention is meritless.

■ Finally, we see no need for the district court to have held an evidentiary hearing, as appellant suggests. Neither party requested an evidentiary hearing on attorneys' fees. Appellant presented no facts contradicting or tending to contradict Gorsline's sworn affidavit. In the absence of a disputed issue of material fact, no evidentiary hearing was necessary. The judgment of the district court is AFFIRMED.