**Joseph B. PREJEAN**

v.

**OCHSNER CLINIC.**

**Civ. A. No. 84–5609.**

United States District Court,
E.D. Louisiana.

May 27, 1987.

Richard B. Sobol, Abourezk, Sobol & Trister, Washington, D.C., Nils R. Douglas, New Orleans, La., for plaintiff.

Kenneth P. Carter, Monroe & Lemann, New Orleans, La., for defendant.

## ORDER AND REASONS

PATRICK E. CARR, District Judge.

Plaintiff's Application for Attorneys' Fees and Litigation Expenses was submitted on memoranda for a decision by the Court. After considering the record, the memoranda of the parties, the Findings and Recommendations of the United States Magistrate to whom this matter was referred, and the applicable law, the Court hereby renders its Order and Reasons.

*Facts*

Plaintiff, Joseph B. Prejean, is a black physician who is Board Certified in Radiology. He was employed by the defendant, Ochsner Clinic, in April, 1978, as a radiologist in the Radiology Department.

Under the terms of Ochsner's partnership agreement, newly employed physicians are eligible for partnership after three years of service. In February, 1981, when plaintiff had been employed by Ochsner for three years, he was considered for partnership but rejected. Again in 1982 plaintiff was considered and rejected. At that time Ochsner's Board of Management determined that plaintiff would not again be considered for partnership. Plaintiff's compensation was never increased after the 1981–1982 year.

In November, 1984, plaintiff instituted this action pursuant to Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e, *et seq.,* and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging that he was denied promotion to partnership and compensation increases on the ground of his race. Plaintiff sought an injunction requiring defendant to promote

him to partner with attendant benefits applied retroactively; back pay; damages for loss of professional and educational opportunities, loss of reputation, mental anguish and humiliation; and attorney's fees under 42 U.S.C. § 1988.

On April 21, 1986, on the eve of trial, the parties entered into a Court-approved settlement agreement which provided that plaintiff would cease performing duties as an employee of Ochsner on April 30, 1986, but would remain on the payroll for two months. In addition, over a one-year period, Ochsner was to make cash payments to plaintiff totaling $93,400.00 to enable plaintiff to participate in a fellowship program. Finally, Ochsner agreed to give plaintiff a favorable recommendation. The parties were unable to resolve the issue of attorney's fees.

*Prevailing Party*

 In order to recover attorney's fees under 42 U.S.C. § 1988 the plaintiff must establish that he is a "prevailing party" in the litigation. To make a prima facie case that he is the prevailing party, the plaintiff must first show that he succeeded on the central issue in the litigation. *Hennigan v. Ouachita Parish School Board,* 749 F.2d 1148, 1152 (5th Cir.1985). The central issue is either the benefit the plaintiff hoped to gain or the burden of which he hoped to be relieved by bringing the lawsuit. *Id.* Second, the plaintiff must show that the lawsuit caused the defendant to act. To demonstrate this causal connection, the plaintiff must demonstrate that his suit was "a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." *Id.* at 1152.

The central issue, or the benefit plaintiff hoped to gain, in the instant case was the rectification of alleged racial discrimination. Toward that goal plaintiff prevailed on several key points, i.e. recovery of substantial money damages and favorable recommendations for future employment.

Plaintiff also established that the lawsuit caused the defendant to act. Ochsner argues that it entered into the settlement agreement in order to rid itself of the plaintiff. According to Ochsner the settlement agreement was intended to avoid a possible lawsuit by plaintiff for retaliation if Ochsner terminated his employment. This argument is unpersuasive. It is implausible that on the eve of trial of a *pending* lawsuit Ochsner would agree to pay over $100,000 for the sole purpose of avoiding a *possible* lawsuit.

Accordingly, the Court finds that plaintiff has made a prima facie case of "prevailing party" status. Once the plaintiff makes a prima facie case, the burden shifts to the defendant to show that its act was a wholly gratuitous response to a lawsuit which lacked merit. To meet this burden the defendant must show the worthlessness of plaintiff's claims and explain why it nonetheless gave plaintiff the requested relief. *Id.* at 1153.

Ochsner has failed to show that plaintiff's suit was worthless. Based on the record the Court concludes that there was at least a reasonable probability that plaintiff could have established a prima facie case of racial discrimination.

The Court, therefore, finds that plaintiff is a "prevailing party" entitled to receive attorneys' fees.

*Amount of Attorneys' Fees*

Attorneys' fees are to be awarded based on the number of hours worked multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1993, 76 L.Ed.2d 40 (1983). The result of this equation is called the "lodestar figure".

In the case at bar plaintiff seeks attorneys' fees as follows:

| Attorney | Hourly Rate | Hours | Lodestar Totals |
|---|---|---|---|
| Richard B. Sobol | $150.00 | 190.5 | $28,575.00 |
| Nils R. Douglas | $150.00 | 34.75 | $ 5,212.50 |
| David Nied | $ 75.00 | 42.25 | $ 3,168.75 |
| Paralegal | $ 35.00 | 3.50 | $ 122.50 |
| | | | $37,078.75 |

Plaintiff also seeks litigation expenses in the amount of $4,487.66.

The lodestar figure may be adjusted upward or downward depending on several factors enunciated in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 719 (5th

Cir.1974). An analysis of the *Johnson* factors reveals:

(1) *The time and labor required:* The time and labor required are well documented in an affidavit submitted by Attorney Sobol. The hours spent on the case average approximately ten hours per month, a figure which is certainly not excessive.

(2) *The novelty and difficulty of the questions:* The questions involved in the case were not sufficiently novel or difficult to require adjustment of the lodestar figure.

(3) *The skill requisite to perform the legal services properly:* While the case certainly required basic legal skills, the issues involved were not complex or unique so as to require specialized skills.

(4) *The preclusion of other employment by the attorney due to acceptance of the case:* The case did not result in the preclusion of other employment due to acceptance of the case.

(5) *The customary fee:* Sobol has sufficiently supported his request for $150 per hour by affidavits from other practitioners. *Chalmers v. City of Los Angeles,* 796 F.2d 1205 (9th Cir.1986).

(6) *Whether the fee is fixed or contingent:* The fee requested is based on a reasonable fixed hourly rate.

(7) *Time limitations imposed by the client or the circumstances:* There were no time limitations imposed on the attorney by the client or the circumstances.

(8) *The amounts involved and the results obtained:* Plaintiff clearly had only limited success in the outcome of his lawsuit. He did not gain promotion to partnership and attendant benefits; however, he did receive substantial monetary relief, limited educational opportunity, and a favorable employment recommendation. Where a prevailing plaintiff succeeds on only some of his claims, an award for fees for time spent on unsuccessful claims may not be appropriate. *Hensley,* supra. However, the Court should consider whether the plaintiff's unsuccessful claims were related to his successful claims:

In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley,* 103 S.Ct. 1940.

Because of the interrelated nature of plaintiff's claims, it would be impractical to attempt to identify specific hours that should be eliminated to reflect plaintiff's limited success. Therefore, the Court has concluded that the award should be reduced as follows: The number of hours spent by attorneys Sobol and Douglas should be reduced by a factor of 25%. Accordingly, the lodestar figures for these attorneys is reduced to $21,431.25 for Sobol and $3,909.37 for Douglas.

The hours claimed by Nied, an associate of Sobol, are principally related to the research and preparation of the attorneys' fee application. The Court finds that Nied's hours should be reduced by a factor of 50% because the hours claimed are excessive and duplicative of efforts undertaken by Sobol and Douglas. Therefore, Nied's lodestar figure is reduced to $1,584.37.

The hours and rates claimed by the paralegal for courthouse research appears reasonable and well documented. Accordingly, that lodestar figure of $122.50 will not be reduced.

(9) *The experience, reputation and ability of the attorneys:* The experience, reputation and ability of the attorneys is set forth in an affidavit by Sobol and justify the hourly rate requested.

(10) *The "undesirability" of the case:* The nature of the case does not justify adjustment of the lodestar figures.

(11) *The nature and length of the professional relationship with the client:*

**150**

This factor apparently played no part in this case.

(12) *Awards in similar cases:* In similar cases where the prevailing party achieved only limited success, the lodestar figures were reduced by percentages approximating the 25% reduction used herein. *Foster v. Cloucester City Board of Chosen Freeholders,* 465 F.Supp. 293 (D.N.J.1978) [Lodestar figure reduced by 30%]; *Transamerica Ins. Co. v. Keown,* 85 F.R.D. 120 (D.N.J.1980) [Lodestar figure reduced by 30%]; and *Craik v. Minnesota State University Bd.,* 738 F.2d 348 (8th Cir.1984) [Lodestar reduced by 20% for limited success].

█ In addition to an award of attorneys' fees, plaintiff seeks $4,487.66 for litigation expenses. It is well established that a prevailing party is entitled to reimbursement for all expenses reasonably incurred in connection with the litigation. *Miller v. Carson,* 628 F.2d 346 (5th Cir.1980); *Gates v. Collier,* 616 F.2d 1268 (5th Cir.1980), *modified,* 636 F.2d 942 (5th Cir.1981); *Fairly v. Patterson,* 493 F.2d 598, 606–07 to n. 17 (5th Cir.1974). The litigation expenses incurred in this case are reasonable and legitimate expenses. *See, e.g., Miller,* supra at 349.

Plaintiff's application for a supplemental award of attorneys' fees and expenses in connection with his original application is granted and has been incorporated into the award discussed herein.

Accordingly, the Court finds that plaintiff is entitled to attorneys' fees and expenses in the following amounts:

| | |
|---|---|
| Richard B. Sobol | $21,431.25 |
| Nils R. Douglas | $ 3,909.37 |
| David Nied | $ 1,584.37 |
| Paralegal | $ 122.50 |
| Expenses | $ 4,487.66 |
| Total | $31,535.15 |

Judgment will be rendered accordingly.