377 So.2d 1185 (1980)
Application of Cynthia Caroline Dawn Marie ANDERSON for Admission to the Louisiana Bar.[*]
No. 62510.
Supreme Court of Louisiana.
January 28, 1980.
Sidney E. Cook, Shreveport, for petitioner.
Thomas O. Collins, Jr., Executive Counsel, Louisiana State Bar Ass'n; Edward F. Wegmann, New Orleans, Committee on Bar Admissions for Louisiana State Barrespondent.
MARCUS, Justice.
On May 22, 1978, Cynthia Caroline Dawn Marie Anderson requested permission of the Louisiana State Bar Association through the Committee on Bar Admissions, to take the July 1978 bar examination. Her application was rejected on the ground that she failed to fulfill the requirement of article 14, section 7(B)(d)[1] of the articles of incorporation of the Louisiana State Bar Association that she be a graduate of a law school that is approved by the American Bar Association. On June 29, 1978, on application of Ms. Anderson, we granted the following order:
IT IS ORDERED that the Committee on Bar Admissions permit Cynthia Caroline Dawn Marie Anderson to take the Bar Examination commencing July 17, *1186 1978. Prior to certification, the Committee shall hold a hearing at which applicant shall be afforded an opportunity to demonstrate that her legal education in England satisfies the standards for approval of the American Bar Association.
Ms. Anderson took and passed the bar examination. On October 9, 1978, we ordered that:
Cleveland C. Burton be appointed to assist the Committee on Bar Admissions in determining whether applicant's legal education in England satisfies the standards for approval of the American bar Association.
A hearing was held before the commissioner on May 23, 1979, at which all parties were present and represented by counsel. Testimony was taken of certain witnesses and documents were received in evidence. Depositions of other witnesses were also received in evidence pursuant to joint stipulation of the parties. At the conclusion of the hearing, the commissioner found:
1. None of the following are equivalent or substantially equivalent to a legal education in an A.B.A. approved law school:
a. An LLB from a [sic] English University;
b. An English LLB plus attendance at an examination revue [sic] course;
c. An English LLB, attendance at an examination revue [sic] course and service under articles to a solicitor; N.B. (were an applicant trained as barrister instead of solicitor, the conclusion would be the same).
2. Anderson's English education is not in fact, or substantially, equivalent to an ABA approved education.
3. Anderson's education does not `satisfy the standards for approval of the American Bar Association.'
4. Louisiana may follow the policy of its choice in this matter without risking interference from the U.S. Supreme Court.
The evidence indicates that Ms. Anderson is a citizen of the United Kingdom. She was born on August 18, 1946 in Lewes, Sussex, England. She was educated in England. Ultimately, she attended King's College, University of London, where she graduated with an LL.B. degree after completing a three-year course. Thereafter, she attended the College of Law at Lancaster Gate, a six-month qualifying exam-oriented course sponsored by the Law Society, the governing body of the solicitor's branch of the legal profession in England. Next, Ms. Anderson entered Articles of Clerkship to a solicitor in London where she served two years of study in his office as required by the Law Society. After completing her Articles of Clerkship, she passed the qualifying examination by the Law Society and was admitted to practice law as a solicitor before the courts of England.
First, we note that Ms. Anderson is not a graduate of a law school approved by the American Bar Association as required by article 14, section 7(B)(d) of the articles of incorporation of the Louisiana State Bar Association. Moreover, the American Bar Association standards provide a method by which a law school may admit with advanced standing and allow credit for studies at a law school outside the United States.[2]
*1187 Hence, to admit Ms. Anderson to the practice of law in this state, we must grant an exception to the requirement set forth in article 14, section 7(B)(d) that she be a graduate of a law school approved by the American Bar Association. Previously, we granted an exception in In re Lendais, 310 So.2d 647 (La.1975) (graduate of University of Paris Sorbonne Law School). In another case, In re Faylona, 354 So.2d 1347 (La. 1978) (graduate of University of Manila College of Law), we issued an order similar to the one granted herein on June 29, 1978.
Without embarking on a detailed comparison of the evidence and the standards for approval of the American Bar Association, we agree that Ms. Anderson's legal education in England does not satisfy the letter of the standards. However, differences between her education and an American Bar Association approved education must be viewed in light of the differing nature of the English system of legal education. When so viewed, the educational differences are not significant. We are satisfied that, considering the totality of her legal education, i. e., an LL.B. degree from King's College, University of London, a six-month qualifying course sponsored by the Law Society, and two years of clerkship to a solicitor in London (even though the latter two programs were not supervised by the degree-awarding institution), Ms. Anderson's legal education in England substantially satisfies the standards for approval of the American Bar Association. In this respect, we disagree with the finding of the commissioner.
Hence, in view of our previous orders in this matter and our finding that Ms. Anderson's legal education in England substantially satisfies the standards for approval of the American Bar Association, we will permit Ms. Anderson to be admitted to practice law in this state. We recognize that the practice of granting exceptions can leave a rule without effect. To avoid this result, we suggest that the proper rule-making committee of the Louisiana State Bar Association study whether the rule should be changed and thereafter present the results thereof to this court for our consideration.

DECREE
The Committee on Bar Admissions of the Louisiana State Bar Association is ordered to certify Cynthia Caroline Dawn Marie Anderson to this court for admission to the Louisiana State Bar Association.
SUMMERS, C. J., dissents and assigns reasons.
BLANCHE, J., concurs and assigns reasons.
SUMMERS, Chief Justice (dissenting).
I hardly think it is necessary to suggest that the proper rule-making committee of the Louisiana State Bar Association consider a change in the rule requiring that applicants be graduates of a law school approved by the American Bar Association when this Court for such a paucity of reason grants exceptions to that rule with such facility.
Evenhanded treatment of applicants is abrogated by this decision. We might just as well return to the era when graduation from a law school was not required.
I believe this decision does irreparable injury to the Bar Association's ongoing efforts through the years to improve and raise the standards of its professiona step backward.
I would uphold the rule.
BLANCHE, Justice (concurring).
The finding that applicant's education satisfies the standards for approval of the American Bar Association is correct, but this Court should never have permitted relator to take the bar examination in view of the Louisiana State Bar Association rule *1188 requiring graduation from a law school approved by the ABA. The finding of applicant's educational equivalency together with the fact of our having permitted applicant to take the bar examination and her successful completion thereof are circumstances which I believe require her admission.
This writer is of the opinion that in the future, Art. 14, § 7(B) should be strictly enforced.
NOTES
[*] Editor's Note: The opinion of the Supreme Court of Louisiana in Travelers Indemnity Co. v. Ducote, published in the advance sheets at this citation (377 So.2d 1185), was withdrawn from the bound volume and will be republished together with a Per Curiam opinion rendered on application for rehearing.
[1] The articles of incorporation of the Louisiana State Bar Association are published in an appendix to La.R.S. tit. 37, ch. 4. Article 14, section 7(B) provides:

Each applicant must produce satisfactory evidence that applicant is:
a. of good moral character
b. 21 years of age
c. a citizen of the United States of America, or a resident alien of the United States of America,
d. graduate of a law school that is approved by the American Bar Association.
[2] The standards are printed in American Bar Association, Approval of Law SchoolsAmerican Bar Association Standards and Rules of Procedure (1979). Standard 308 as amended in 1979 provides:

The law school may admit with advanced standing and allow credit for studies at a law school outside the United States if the studies
(i) either were `in residence' as provided in Section 305, or qualify for credit under Section 306, and
(ii) the content of the studies was such that credit therefor would have been allowed towards satisfaction of degree requirements at the admitting school, and
(iii) the admitting school is satisfied that the quality of the educational program at the prior school was at least equal to that required for an approved school.
Advanced standing and credit allowed for foreign study shall not exceed one-third of the total required by the Standards for the first professional degree unless the foreign study related chiefly to a system of law basically followed in the jurisdiction in which the admitting school is located; and in no event shall the maximum advanced standing and credit allowed exceed two-thirds of the total required by the Standards for the first professional degree.
At the time of the filing of Ms. Anderson's application, Standard 308 provided that the maximum advanced standing and credit allowed in all cases could not exceed one-third of the total required for the juris doctor degree.