**Carole Shelby Carnes TUCKER, Plaintiff-Appellant, Cross-Appellee,**

**v.**

**The Honorable Frank W. SUMMERS, et al., Defendants-Appellees,**

**and**

**Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., Jack C. Watson, and the Louisiana Supreme Court, Defendants-Appellees, Cross-Appellants.**

**No. 84–3355.**

United States Court of Appeals, Fifth Circuit.

March 10, 1986.

Elliott G. Snellings, New Orleans, La., Shelby Tucker, Oxford, England, for plaintiff-appellant, cross-appellee.

Kendall L. Vick, Patricia Nalley Bowers, Asst. Attys. Gen., William J. Guste, Jr., Atty. Gen., New Orleans, La., for defendants-appellees.

Before CLARK, Chief Judge, and POLITZ and JONES, Circuit Judges.

POLITZ, Circuit Judge:

The sole issue presented by this appeal of litigation initiated in February of 1980 is

the claim of the plaintiff-appellant to attorneys' fees under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988. Based on a report of a special master, then magistrate, now district judge Marcel Livaudais, Jr., the district court denied the petition for fees. For the reasons assigned, we affirm that judgment.

Before this court for its fifth appearance, with a record including 11 volumes of pleadings and several boxes of previously sealed documents, this case gives, at first blush, the semblance of being complex and difficult. It is neither. The dispositive facts and controlling rubrics are readily apparent.

In January of 1980, Carole Shelby Carnes Tucker applied to the Louisiana State Bar Association, through its Committee on Bar Admissions, to take the February 1980 Louisiana Bar Examination. At that time, Article XIV, Section 7(B)(d) of the Articles of Incorporation of the Louisiana State Bar Association imposed a requirement that a bar exam applicant be a "graduate of a law school that is approved by the American Bar Association." Because Tucker's legal education in England had not been at such a law school, the Committee on Bar Admissions rejected Tucker's application. Tucker petitioned the Supreme Court of Louisiana for permission to sit for the bar examination. Her petition was denied, as was a petition for rehearing.

On February 15, 1980, Tucker petitioned the district court seeking a temporary restraining order and preliminary and permanent injunctions enjoining the Supreme Court of Louisiana, its justices and representatives "from denying plaintiff, Carole Shelby Carnes Tucker, her right to take the Louisiana State Bar Examination, at present due to be administered in New Orleans on February 25, 27 and 29, 1980." The district court denied the petition on February 21, 1980. Tucker appealed to this court and sought injunctive relief pending appeal. Because of the obvious time constraints, a motions panel of this court, in docket number 80–3143, accorded the

application emergency status and, on February 23, 1980, entered an order restraining defendants "from denying Carole Shelby Carnes Tucker permission to take the Louisiana State Bar Examination to be administered on February 25, 27 and 29, 1980." The order addressed only the taking of the examination; it did not speak to subsequent admission.

Tucker sat for but failed the February 1980 bar examination. Upon order of the district court, she was permitted to repeat the examination during the July 1980 testing, followed by a partial retake in February of 1981. After the third round of testing, Tucker successfully passed the required subjects, and the Louisiana Supreme Court ordered an equivalency hearing. Thereafter, Tucker was admitted to the Louisiana State Bar Association. Upon receipt of her notice of admission, Tucker and her husband-attorney began their efforts to secure an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

The voluminous record in this case is the result of a veritable deluge of filings, a hurricane of paperwork far beyond that reasonably needed for a fair, expeditious, and just resolution of the dispute. This litigation has assumed a life of its own, bearing little relationship to the original action. That excesses have abounded is apparent from this record, which includes abusive use of Fed.R.Civ.P. 26(c) protective orders which, upon specific direction of this court, were reviewed and vacated by the district court. For present purposes, we make no effort either to quantify or assess blame for these excesses, but pointedly note that this litigation is anything but a model to be emulated. It is the exact opposite.

## ANALYSIS

Under 42 U.S.C. § 1988, a party who prevails in a civil rights suit may be granted, in the discretion of the court, "a reasonable attorney's fee as part of the costs." We must determine whether Tucker qualifies as a prevailing party and, if so, whether the trial court abused its discretion in

refusing to grant her attorneys' fees. The trial court, adopting in part the report of the special master, found that Tucker was not a prevailing party, citing the recent decision in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). To the extent the prevailing party designation is factual, the court's finding is supported by the record. To the extent it is a legal conclusion, we agree with the district court.

Tucker asserts prevailing-party status because she secured orders from this court, and from the trial court, which permitted her to sit for the Louisiana Bar Examination. She further maintains that she is a prevailing party because her litigation precipitated or effectively caused a change in the rules of the Louisiana Supreme Court and Louisiana State Bar Association relating to graduates of foreign law schools. Those graduates may now sit for the bar examination upon a showing that their legal education is equivalent to that of graduates of law schools approved by the American Bar Association. Neither of Tucker's assertions is persuasive.

## BAR EXAMINATION ORDERS

Tucker was permitted to sit for the Louisiana Bar Examination as a direct consequence of the February 23, 1980 order of this court in docket number 80–3143. Informed and instructed by the intervening decision of the Supreme Court in *Dist. of Col. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), we are now persuaded that the 80–3143 panel lacked subject matter jurisdiction when it entered the order directing that Tucker be permitted to sit for the February 1980 bar examination. Accordingly, that order was improvidently entered. The entry of an order by a court which should have declined jurisdiction cannot serve as the basis for prevailing-party status. *Taylor v. Sterrett,* 640 F.2d 663 (5th Cir.1981). We agree with our colleagues of the Seventh Circuit "that a plaintiff is not a prevailing party within the meaning of section 1988 if he had no legal

right to the preliminary relief he obtained." *People Organ. For Welfare & Emp. Rights v. Thompson,* 727 F.2d 167, 169 (7th Cir.1984). *See also Redd v. Lambert,* 674 F.2d 1032 (5th Cir.1982).

Tucker's original petition complained of the treatment she had been accorded by the Supreme Court of Louisiana and the Committee on Bar Admissions in rejecting her application to sit for the February 1980 bar examination. Tucker questioned the application of the governing rule and the Articles of Incorporation of the Louisiana State Bar Association, noting that other foreign-trained applicants previously had been allowed to take the bar examination. She unsuccessfully presented these challenges, including constitutional challenges, to the Louisiana Supreme Court. The complaint Tucker filed on February 15, 1980 sought to have the federal district court review the Louisiana Supreme Court's denial of her application to sit for the February 1980 bar examination. As *Feldman* teaches, this may not be done.

As was the case in *Feldman,* Tucker's proceedings before the Louisiana Supreme Court were judicial in nature. As was done in *Feldman,* Tucker asserted that she possessed all qualifications needed for admission to the bar, setting forth in detail her legal training and experience and contending that her education was equal to that received by the applicants who attended law schools approved by the American Bar Association. Both Feldman and Tucker pointed to others who had received waivers of the accredited law school requirement. As the Supreme Court noted:

> When [the equivalent of the highest state court] issued a *per curiam* order denying Feldman's petition, it determined as a legal matter that Feldman was not entitled to be admitted to the bar without examination or to sit for the bar examination. The court had adjudicated Feldman's "claim of a present right to admission to the bar" and rejected it. This is the essence of a judicial proceeding.

460 U.S. at 480–81, 103 S.Ct. at 1313–14, *quoting In re Summers,* 325 U.S. 561, 568,

65 S.Ct. 1307, 1312, 89 L.Ed. 1795 (1945). In so stating, the Supreme Court reminded that "[t]he form of the proceeding is not significant. It is the nature and effect which is controlling." 460 U.S. at 482, 103 S.Ct. at 1314.

Having determined that the proceedings on the petitions of Feldman and of co-petitioner Hickey were judicial, the Supreme Court sounded this clarion note:

[A] United States District Court had no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court. Therefore, to the extent that Hickey and Feldman sought review in the District Court of the ... denial of their petitions for waiver, the District Court lacked subject-matter jurisdiction over their complaints. Hickey and Feldman should have sought review ... in this Court.

*Id.* at 482, 103 S.Ct. at 1315 (footnote omitted).

Therefore, to the extent that Tucker sought review of the decision of the Louisiana Supreme Court rejecting her application to take the Louisiana Bar Examination, that review could only be had in the United States Supreme Court. Neither the federal district court nor this court had or has subject-matter jurisdiction over that dispute. *Feldman.* That includes "jurisdiction to review constitutional claims that 'are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar.'" *Thomas v. Kadish*, 748 F.2d 277 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 3531, 77 L.Ed.2d 655 (1985), *quoting Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. at 1315 n. 16. *See Tofano v. Supreme Court of Nevada*, 718 F.2d 313 (9th Cir.1983); *Lowrie v. Goldenhersh*, 716 F.2d 401 (7th Cir.1983).

Since we did not have the requisite jurisdiction, our emergency order of February 23, 1980 was inappropriately issued. Neither it nor the district court's orders based on it serve Tucker's cause. She may not advance the fact that she secured these court orders permitting her to sit for the Louisiana Bar Examination as proof of prevailing-party status required for an award of attorneys' fees under 42 U.S.C. § 1988.

## THE RULES CHANGE

■ *Feldman* further teaches that the federal district court does have jurisdiction to entertain a general challenge to the constitutionality of a state bar's admissions rules, as distinguished from an action "seeking review in a federal district court of a state court's final judgment in a bar admission matter...." *Id.*, 460 U.S. at 483–84, 103 S.Ct. at 1316. The district court concluded that it had jurisdiction over what it viewed as a general constitutional attack on the accreditation rules. Assuming without deciding the correctness of that ruling, we agree with the district court that Tucker did not become a prevailing party because of the subsequent change in the rules by the Louisiana State Bar Association and Louisiana Supreme Court. That change mooted Tucker's claim before it was addressed by the court. The findings by the special master and district court that the instant case did not play a significant or relevant part in the later rules change are not clearly erroneous. Indeed, those findings are amply supported by the record. In reviewing the record, we are guided by the unequivocal "clearly erroneous" mandate of Fed.R.Civ.P. 52(a) and the many cases applying that rule, citation of which would be entirely superfluous.

Tucker contends that she was a prevailing party because her suit was the catalyst or precipitant of the change in the rules. The record does not support that position. Prior to Tucker's suit, the Louisiana Supreme Court had suggested a re-examination of the accreditation rule. The comments of a majority of the justices in *Application of Anderson*, 377 So.2d 1185, 1187 (La.1980) are specific: "[W]e suggest that the proper rule-making committee of the Louisiana State Bar Association study whether the [accreditation] rule should be changed and thereafter present the results thereof to this court for our consideration."

Because of this direction, and other problems experienced over the years with the admissions rules, a Louisiana State Bar Association Task Force to Revise Bar Admission Rules was formed. But the task force neither came into being nor tailored its performance because of Tucker's suit. The members of the task force were aware of the instant litigation, as they were aware of all prior litigation and near-litigation involving the administration of the admissions rules. But this litigation was not a moving force.

We join the special master and district court in their assessment of the credibility of the then-president of the Louisiana State Bar Association, John C. Combe, Jr., and of that association's longtime Executive Counsel, Thomas O. Collins, Jr. Their testimony reflects that Tucker's suit had an insignificant effect on the subsequent rules modifications. Tucker's efforts to prove otherwise by reciting a chronology of events and by very skillful briefing and argument is not persuasive. We conclude and hold that Tucker's suit was not " 'a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior' " (if indeed the behavior of the present defendants was unconstitutional, an issue we do not reach), *Hennigan v. Ouachita Parish School Bd.*, 749 F.2d 1148, 1152 (5th Cir.1985) (*quoting Garcia v. Guerra*, 744 F.2d 1159, 1162 (5th Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2139, 85 L.Ed.2d 497 (1985)); *Frazier v. Bd. of Trustees of Northwest Miss. Reg. Med. Ctr.*, 765 F.2d 1278 (5th Cir.1985).

The judgment of the district court rejecting the petition of Tucker for an award of attorneys' fees is AFFIRMED.