Tanya LIBBY, by her father and next
friend, Charles F. LIBBY,
Plaintiff–Appellant,

v.

ILLINOIS HIGH SCHOOL ASSOCIA-
TION, Defendant–Appellee.

No. 90–1251.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 5, 1990.

Decided Dec. 13, 1990.

Catherine Masters Epstein, Schiff, Hardin & Waite, Susan R. Monkmeyer, D'Ancona & Pflaum, Colleen K. Connell, Sheribel F. Rothenberg, Lamet, Kanwit & Davis, Chicago, Ill., for plaintiff-appellant.

Stuart D. Gordon, Moss & Bloomberg, Bolingbrook, Ill., Charles A. LeMoine, Wayne F. Plaza, Rooks, Pitts & Poust, Chicago, Ill., David J. Bressler, Rooks, Pitts & Poust, Wheaton, Ill., James P. Bartley, Terrence M. Barnicle, Klein, Thorpe & Jenkins, Chicago, Ill., George H. Klumpner, Joliet, Ill., for defendant-appellee.

Before BAUER, Chief Judge, WOOD, Jr., Circuit Judge, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

This case presents the question of whether a party who obtains a temporary restraining order just prior to a case becoming moot can nonetheless be a "prevailing party" for purposes of an award of attorneys' fees. Tanya Libby, then a junior at defendant Romeoville High School (Romeoville), brought suit challenging her inability to play interscholastic soccer. After the entry of a series of temporary restraining orders in Libby's favor, the case was dismissed as moot. Libby now appeals from the district court's denial of her petition for attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## I. BACKGROUND

When Libby filed this suit, Romeoville did not have a girls' soccer team due to what it called a lack of interest by its female students. Defendant South Inter-Conference Association (SICA), whose rules prohibited girls from playing in games between boys' teams, sponsored the majority of interscholastic games in which the Romeoville boys' soccer team participated. The Illinois High School Association (IHSA), which also prohibited girls from playing in boys' competitions, sponsored the post-season Boys State Soccer Tournament. Although Romeoville was willing to allow Libby to play soccer on its boys' team, SICA and IHSA rules prohibited her from playing in most of the regular season games and all of the post-season competitions.

On August 26, 1987, shortly before the boys' soccer season began, Libby filed suit for declaratory and injunctive relief. She named as defendants SICA, IHSA, Romeoville, Valley View School District No. 365U, and two officials of Romeoville. The complaint was based on the First and Fourteenth Amendments, Article I, § 8 of the Illinois Constitution, and the Illinois School Code.

Judge Rovner referred Libby's request for provisional injunctive relief to Magistrate Bucklo for a report and recommendation. Romeoville, who was aligned with Libby throughout much of the litigation, did not oppose the entry of a temporary restraining order. On September 1, 1987, the Magistrate recommended that a TRO be entered against all defendants other than IHSA, whose post-season tournament did not begin until October 24, 1987. Judge Marshall, acting as emergency judge in Judge Rovner's absence, entered a TRO on the same date against all the defendants other than IHSA. On September 10, 1987, Judge Rovner entered an agreed extension of the TRO.

In late September, the Magistrate conducted a four day preliminary injunction hearing. Following the hearing, Libby reached a settlement agreement with SICA, and Judge Rovner dismissed SICA

from the case. On Friday, October 23, 1987, the Magistrate issued a report and recommendation that Libby's motion for a preliminary injunction be granted. Because the IHSA post-season tournament was scheduled to begin the following day, the allowance of the ten-day periods for objections and responses to the injunction would have precluded effective relief. Libby therefore moved for another TRO, and during the evening hours of October 23, Judge Rovner entered a TRO against IHSA requiring it to allow Libby to participate in the IHSA tournament as a member of the Romeoville boys' team. The next day, the Romeoville team, with Libby as a member, lost in the opening round of the tournament, and the motion for a preliminary injunction became moot.

Perhaps as a result of the interest generated by this lawsuit, Romeoville determined by the following spring that sufficient interest existed to field not one, but two girls' soccer teams, and Libby played on one of these teams. On December 20, 1988, the district court dismissed Libby's complaint as moot, and on January 2, 1990, the district court denied Libby's petition for attorneys' fees from IHSA. *See Libby by Libby v. South Inter–Conference Ass'n,* 728 F.Supp. 504 (N.D.Ill.1990).

## II. ANALYSIS

 This court has a limited focus when reviewing a district court's ruling on a fee petition. *Munson v. Friske,* 754 F.2d 683, 696 (7th Cir.1985). The standard of review of an award of attorneys' fees to the prevailing party under § 1988 is whether the trial court abused its discretion in making or denying the award. *Unity Ventures v. County of Lake,* 894 F.2d 250, 254 (7th Cir.1990); *Reichenberger v. Pritchard,* 660 F.2d 280, 288 (7th Cir.1981). An attorneys' fees award pursuant to § 1988 rests within the sound discretion of the district court because that court is particularly well-qualified to make the partially subjective findings necessary for an award of fees and to perform the balancing of equities that is an integral part of the proceeding for an award of fees. *Munson,*

754 F.2d at 696; *Harrington v. De Vito,* 656 F.2d 264, 266 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982). An abuse of discretion generally only occurs where no reasonable person could take the view adopted by the trial court. *Munson,* 754 F.2d at 696. If reasonable persons could differ, then the appellate court will not be able to find an abuse of discretion. *Id.*

 The final sentence of section 1988, as amended, provides as follows:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs.

This statutory threshold by its terms permits the award of attorneys' fees only to a "prevailing party." Respect for ordinary language requires that plaintiffs receive at least some relief on the merits of their claim before they can be said to prevail. *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987); *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam); *Richardson v. Penfold,* 900 F.2d 116, 118 (7th Cir.1990). At a minimum, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Texas State Teachers v. Garland Indep. School D.,* 489 U.S. 782, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (citing *Hewitt,* 482 U.S. at 760–61, 107 S.Ct. at 2675–76; *Rhodes v. Stewart,* 488 U.S. 1, 3–4, 109 S.Ct. 202, 203–04, 102 L.Ed.2d 1 (1988) (per curiam)); *Palmer v. City of Chicago,* 806 F.2d 1316, 1320 (7th Cir.1986) (until there is some relief, there can be no award), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987). " '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d

40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). Beyond this absolute limitation, a technical victory may be so insignificant as to be insufficient to support prevailing party status. *Garland,* 109 S.Ct. at 1493. Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis* a party cannot be considered to have prevailed. *See id.*

■ The issue then is whether the TRO entered by the district court on the evening before the post-season soccer tournament was a purely procedural victory that could have gone on to substantive defeat, or a decision on the merits that would not have been defeasible in further proceedings. *See Richardson,* 900 F.2d at 119. A plaintiff who obtains provisional relief, such as a TRO, becomes a prevailing party only if that relief was a determination on the merits or acted as a catalyst to obtain concessions from the appellee, *see id.,* but not where the grant of provisional relief merely preserves the status quo. *Paragould Music Co. v. City of Paragould,* 738 F.2d 973, 975 (8th Cir.1984); *Laurenzo v. Mississippi High School Activities Ass'n,* 708 F.2d 1038, 1043 (5th Cir.1983) (student who challenged a rule which made him ineligible to play baseball not a prevailing party because finding on the merits was not required for the issuance of an injunction pending appeal); *Coalition for Basic Human Needs v. King,* 691 F.2d 597, 601 (1st Cir.1982) (preliminary relief, although substantive, may not determine the merits of the plaintiff's claim and provide relief, but only maintain the status quo without purporting to address the merits); *Bly v. McLeod,* 605 F.2d 134, 137 (4th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1315, 63 L.Ed.2d 761 (1980) (TRO allowed plaintiffs to vote on absentee ballots but was in no way a determination on the merits); *but see Fitzharris v. Wolff,* 702 F.2d 836, 838 (9th Cir.1983) (TRO prohibiting the transfer of a prisoner until he was paroled served the same function as a determination on the merits); *Doe v. Marshall,* 622 F.2d 118, 120 (5th Cir.1980), *cert. denied,* 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981).

■ The transcript of the hearing on the TRO reveals that Judge Rovner made no finding on the merits regarding whether IHSA violated Libby's constitutional rights. On the eve of the post-tournament conference, Judge Rovner stated:

> Let me make something very clear and that is that the Magistrate's report and recommendation is not before me. I am not ruling on that tonight.... I am not ruling on the preliminary injunction tonight.... [W]hat I agreed to hear tonight was the motion for temporary restraining order.

Later in the hearing, Judge Rovner reaffirmed and clarified her position regarding the merits of this case. After a recess, the court returned at 9:45 p.m. with its ruling and stated:

> I want to make it very clear as, of course, the attorneys who are here are aware, that I am not ruling tonight that the Illinois State High School Association has violated the Constitution. All I have before me is a motion for a temporary restraining order. And I am going to enter the temporary restraining order.

The order stated that Libby had "some likelihood of success on the merits of her claim" and that "the issuance of a [TRO] ... will not cause the defendant IHSA undue injury and any possible injury is far outweighed by the irreparable injury plaintiff will suffer if the IHSA rule is enforced."

Judge Rovner could not have stated more emphatically that in granting the request for the TRO she was merely preserving the status quo as to the other defendants until the parties had a chance to respond to the magistrate's report and recommendation regarding a preliminary injunction against ISHA and she could rule on that report. This relief creates no right in fees. It makes no difference whether such a procedural victory is the denial of a motion to dismiss, the denial of summary judgment, the denial of a motion for a directed verdict, appellate reversal of the grant of such a motion (as in *Hanrahan* ), or, as in this case, the grant of a TRO. *See Richardson,* 900 F.2d at 119.

### III. CONCLUSION

Because the district court did not rule on the merits of the claim in granting Libby's request for the TRO, the district court properly concluded that Libby was not a "prevailing party" for purposes of attorneys' fees and costs pursuant to § 1988. The decision to deny Libby's petition for fees and costs is

AFFIRMED.