HYUNDAI MOTOR AMERICA

v.

J.R. HUERTA HYUNDAI, INC., et al.

NISSAN MOTOR CORP. IN U.S.A.

v.

ROYAL NISSAN, INC., et al.

Civ. A. Nos. 90–4327, 91–0755.

United States District Court,
E.D. Louisiana.

Oct. 7, 1991.

See also 762 F.Supp. 137.

Philip K. Jones, Jr., Cheryl V. Cunningham, Liskow & Lewis, New Orleans, La., and Kevin A. Russell, William W. Davis, Latham & Watkins, Chicago, Ill., for plaintiffs Nissan Motor Corp. in U.S.A. and Hyundai Motor America.

Lisa M. Geary, Adrian F. LaPeyronnie, III, Campbell, McCranie, Sistrunk, Anzelmo and Hardy, Metairie, La., for defendants Com'rs of Louisiana Motor Vehicle Com'n in their official capacity.

## ORDER AND REASONS

MENTZ, District Judge.

Before the court is the plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988. After reviewing the motion, memoranda of counsel, the record, and the law, the court grants the motion.

## BACKGROUND

The plaintiffs, Hyundai Motor America ("Hyundai") and Nissan Motor Corporation in U.S.A. ("Nissan"), brought this action under 42 U.S.C. § 1983, seeking to permanently enjoin the Louisiana Motor Vehicle Commission ("Commission") members from hearing disputes between plaintiffs and their dealers. Underlying this claim are two sets of disputes between the plaintiffs and defendant Louisiana automobile dealers. First, dealers, Royal Nissan, Inc. and Diamond Motors, Inc., filed a complaint with the Commission against Nissan alleging that the establishment of another dealership in their area constituted an "act unfair" to the dealers and a partial cancellation of their dealer agreements. Second, Huerta Hyundai, a dealer who was going out of business, filed a complaint with the Commission against Hyundai regarding disputes arising out of the winding up process. The plaintiffs sought to enjoin the Commission, which is composed entirely of dealers, from hearing these disputes. Plaintiffs' claim for declaratory and injunctive relief under 42 U.S.C. § 1983 was based on allegations that a Commission comprised entirely of automobile dealers is an unconstitutionally biased forum for hearing disputes between dealers and manufacturers.

This Court entered preliminary injunctions prohibiting the Louisiana Motor Vehicle Commissioners from hearing or taking any further direct or indirect actions in connection with or related to the formal complaints filed by the auto dealers, Royal Nissan, Inc. and J.R. Huerta Hyundai, Inc., against the plaintiff manufacturers, Nissan and Hyundai, respectively. The Commissioners appealed from the preliminary injunction judgment orders. Subsequent to the orders, the Commissioners recused themselves from hearing these two complaints, directed the Governor to appoint pro tem Commissioners, and the pro tem Commissioners directed Nissan and Hyundai to appear at a hearing on these complaints on July 17, 1991. These actions prompted the plaintiffs to file a Motion for Contempt.

At the hearing on the motion for contempt, the Court was informed by counsel for the Commission that on July 2, 1991 Governor Roemer signed legislation which adds three non-dealer members to the Louisiana Motor Vehicle Commission to hear disputes between automobile dealers and manufacturers; this legislation became effective immediately upon the Governor's signature.[1] The Commission proposed and supported the legislative change. Because the legislation created an unbiased forum for hearing manufacturer-dealer disputes, the Court dismissed plaintiffs' claims for injunctive relief as moot, and abstained from hearing the underlying disputes. The Commission's appeal of the preliminary injunction orders was subsequently dismissed as moot.

## ANALYSIS

Plaintiffs Hyundai and Nissan allege that they are "prevailing parties" entitled

---

1. The Court, however, found that the Commissioners' actions constituted technical contempt, and ordered that the Commissioners pay the plaintiffs' attorneys' fees related to bringing the motion for contempt.

to attorneys fees pursuant to 42 U.S.C. § 1988. The Civil Rights Attorneys' Fees Awards Act of 1976 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.

## A. "Prevailing Parties"

■ A civil rights plaintiff may "prevail" in a case that settles or otherwise becomes moot before a judgment is rendered on the merits. *Associated Builders & Contractors Inc. v. Orleans Parish School Board*, 919 F.2d 374, 377 (5th Cir.1990); *Smith v. Robinson*, 468 U.S. 992, 1006, 104 S.Ct. 3457, 3467, 82 L.Ed.2d 746 (1984); *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). In the absence of a judgment, a plaintiff may be treated as a prevailing party if two elements are established: "(1) that the goal of the law suit was achieved, and (2) that the suit itself caused the defendant to remedy the discrimination." *Associated Builders*, 919 F.2d at 378 (citations omitted). The first element requires only that the plaintiff succeed on "any significant issue in litigation which achieved some of the benefits sought in bringing suit." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)).

The parties do not dispute, and the Court agrees that the first element has been established. The goal of the lawsuit—an impartial forum for hearing the manufacturer-dealer disputes—was achieved. The primary issue in this matter is whether the litigation itself caused the plaintiffs to prevail.

Plaintiffs offer two independent reasons why they are entitled to attorneys' fees. First, plaintiffs argue that the preliminary injunction provided the relief they sought, and thus entitles them to attorneys' fees. Second, plaintiffs allege that they have established a causal link between the lawsuit and the new legislation which mooted the lawsuit. The Court finds that under either

argument, the plaintiffs are prevailing parties entitled to attorneys' fees under 42 U.S.C. § 1988.

## I. Plaintiffs Prevailed by Obtaining Preliminary Relief

■ Preliminary relief may serve to make a plaintiff a prevailing party for the purposes of § 1988. *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir.1980), *cert. denied* 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981). *See Iranian Students Ass'n v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979); *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir.1980). The plaintiff in *Doe v. Marshall* was a high school student who obtained a preliminary injunction allowing him to play on the school's football team; the student graduated prior to a trial on the merits, rendering the matter moot. The Fifth Circuit held that "[a]ll that is required is that the plaintiff obtain the primary relief sought"; because he obtained the primary relief sought, the plaintiff was a prevailing party entitled to attorneys' fees. 622 F.2d at 120. As the Tenth Circuit recently noted in *Dahlem v. Bd. of Educ. of Denver Public Schools*, 901 F.2d 1508 (10th Cir.1990):

> We are in accord with the courts which have held that a party which achieves the objectives of its suit by means of an injunction issued by the district court is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal.

*Dahlem*, 901 F.2d at 1512 (citations and footnote omitted).

■ In this case, the plaintiffs clearly obtained the primary relief sought. First, the preliminary injunctions issued by the Court prevented the Commission of dealers from hearing the manufacturer-dealer disputes. The subsequent action of the legislature which rendered the action moot provided the rest of the relief desired by the plaintiffs.

The defendants cite two cases in support of their argument that the preliminary injunctions in the plaintiffs' favor do not make them prevailing parties: *Dahlem*, 901 F.2d 1508 and *Libby v. Illinois High*

*School Ass'n,* 921 F.2d 96 (7th Cir.1990). Both cases are easily distinguishable from this case. In fact, even under the reasoning of these two decisions, the plaintiffs would still be prevailing parties under § 1988.

In *Dahlem,* the court found that the plaintiff who obtained a preliminary injunction, and whose case was subsequently rendered moot, was a prevailing party. The court, however, found that *special circumstances* warranted the district court's denial of attorneys' fees. The court noted:

> This is not simply a case where a plaintiff obtained relief which was legally disputable. This is a case where plaintiff's lack of entitlement to the relief he obtained was promptly revealed by the reversal of a companion case concerning identical issues and overlapping defendants, and only a fortuity over which none of the parties had any control prevented plaintiff's judgment from being reversed at that time.

901 F.2d at 1514. Such special circumstances do not exist in this case. In fact, the *Dahlem* court suggested that the determination of whether a civil rights plaintiff is a prevailing party is made "without regard to whether we think the district court's decision on the underlying merits was correct." *Id.* at 1512 (quoting *Bishop v. Committee on Professional Ethics & Conduct,* 686 F.2d 1278 (8th Cir.1982)).[2]

In *Libby,* the court simply held that obtaining a *temporary restraining order* does not automatically make a plaintiff a prevailing party when the matter subsequently becomes moot. The district court which issued the TROs expressly maintained that it was making "no finding on the merits regarding whether IHSA violated Libby's constitutional rights." 921 F.2d at 99. The court noted that "[a] plaintiff who obtains provisional relief, such as a TRO, becomes a prevailing party only if that relief was a determination on the merits or acted as a catalyst to obtain concessions from the appellee, but not where the grant of the provisional relief merely preserves the status quo." *Id. See also Dahlem,* 901 F.2d at 1511 ("For the purpose of deciding whether a plaintiff is a prevailing party, a preliminary injunction is considered a decision on the merits so long as it 'represent[s] an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo.'" (citations omitted)).

Unlike the court in *Libby,* this Court, in granting both preliminary injunctions, analyzed the applicable law and stated that the plaintiffs had a substantial likelihood of prevailing on the merits.[3] Thus, the court's orders were more than mere provi-

---

**2.** The court does not agree with the defendants' characterization of the holding in *Dahlem.* The defendants state: "the Tenth Circuit held that the district court's denial of attorneys' fees was not an abuse of discretion because the defendants were deprived by mootness of an opportunity to appeal." (*See* Opposition to Motion for Attorneys Fees, p. 5). The *Dahlem* court noted the dissent from a denial of certiorari in *Alioto v. Williams,* 450 U.S. 1012, 1013–14, 101 S.Ct. 1723, 1724, 68 L.Ed.2d 213 (1981) wherein Justice Rehnquist suggested that where a preliminary injunction becomes moot *after* a defendant exercises his right to appeal, the plaintiff should not be treated as a prevailing party. However, the court declined to adopt this dissenting position: "The clear weight of the authority cited in the text [of this opinion] is to the contrary, however, and induces us to go along in this case, albeit reluctantly." 901 F.2d at 1513 n. 5. In fact, the *Dahlem* court held that despite the fact the defendants had appealed the preliminary injunction, the plaintiff was technically a "prevailing party."

**3.** Regarding Nissan's Preliminary Injunction, the Court noted:

> The court agrees that there is a substantial likelihood that the Commission as composed will be found to be inherently biased. Although the Commissioners may not have a direct financial interest in preventing Price LeBlanc from opening a Nissan dealership in Gonzales, the court finds that enough of an indirect and institutional financial interest exists to raise a question as to the impartiality of the Commissioners.... In the present case, all nine Commissioners are dealers. Furthermore, the indicia of bias do not point in opposite directions. The dealers' interest lays in preventing the manufacturer from creating another dealership that cuts into the existing dealers' market area. This court can think of no interest that the dealers would have in allowing Nissan to limit their market area and to create new competition.

(*See* Memorandum Opinion, March 11, 1991, 757 F.Supp. 736, 740–41).

sional relief, they represented "unambiguous indications of probable success on the merits." The preliminary injunctions provided the plaintiffs with the relief they sought for the pertinent period of time; the plaintiffs, therefore, are prevailing parties notwithstanding the fact that the case was subsequently rendered moot by the actions of the legislature.

## II. The Lawsuit "Caused" the Legislative Change

 The plaintiffs have sufficiently established a causal link between the litigation and the legislative action which mooted the suit. "To demonstrate the causal connection, the plaintiff must demonstrate that his suit was 'a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior.'" *Hennigan v. Ouachita Parish School Bd.*, 749 F.2d 1148 (5th Cir.1985) (quoting *Garcia v. Guerra*, 744 F.2d 1159, 1162 (5th Cir.1984), further citations omitted). This is an "intensely factual, pragmatic" inquiry; the chronology of events may be an important consideration. *Posada v. Lamb County*, 716 F.2d 1066, 1072 (5th Cir.1983);[4] *See Associated Builders*, 919 F.2d at 378; *Savidge v. Fincannon*, 836 F.2d 898, 905 (5th Cir.1988); *Hennigan*, 749 F.2d at 1152; *Williams v. Leatherbury*, 672 F.2d 549 (5th Cir.1982).

The provocative effect of this litigation is apparent from the chronology of events, and from representations made by the defendants themselves. Shortly after the preliminary injunctions were issued by this Court, legislation was proposed which would alter the composition of the Commission when manufacturer-dealer disputes are heard. On December 8, 1990, the Court granted Hyundai's motion for a Preliminary Injunction; on April 12, 1991, Nissan's motion for Preliminary Injunction was granted. The bill proposing the amendment was introduced on April 15, 1991. A letter dated May 16, 1991 from

counsel for the Commissioners to Senator Thomas Casey makes the following representation:

> The Commission has introduced legislation to provide for three (3) additional members who would be non-licensees to hear disputes between manufacturers and dealers. The passage of this legislation will make the questions in the Federal Court complaints moot.

(*See* Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988, exhibit B.) The combination of these facts strongly suggests that this lawsuit was a "catalyst" or played a "provocative role" in bringing about the changed legislation. *See Hennigan*, 749 F.2d at 1152; *Posada*, 716 F.2d at 1072; *Williams*, 672 F.2d at 551.

The defendants main argument is that the legislative change which mooted this lawsuit was made by the legislature, not the defendant Commissioners. However, the plaintiffs' lawsuit need not be the only factor that led to the change, so long as it was a "substantial factor." *See Associated Builders*, 919 F.2d at 378. The defendants do not deny that they proposed, and supported the legislation; the chronology of events indicates that their support of the legislation was related to this lawsuit. Accordingly, the Court finds that the plaintiffs have met their burden of establishing that they obtained the desired relief *as a result of the litigation.*

The plaintiffs have established a prima facie case that they are entitled to attorneys fees as prevailing parties. "The burden of proof then shifts to the defendant, who can challenge the entitlement only by showing that [their] conduct was a 'wholly gratuitous response to a lawsuit that lacked colorable merit.'" *Associated Builders*, 919 F.2d at 378 (quoting *Hennigan*, 749 F.2d at 1153). The defendants have made no effort to demonstrate that this lawsuit lacked colorable merit, and in

---

**4.** The *Posada* court stated:

At bottom, the inquiry is an intensely factual, pragmatic one. Clues to the provocative effects of the plaintiffs' legal efforts are often best gleaned from the chronology of events:

defendants, on the whole, are usually rather reluctant to concede that the litigation prompted them to mend their ways.

716 F.2d at 1072 (citations omitted).

light of the Court's earlier findings that the plaintiffs' claims had substantial probability of success on the merits, the Court does not believe that the defendants could meet such a burden.

### B. No Special Circumstances Warrant Denial of Attorneys' Fees

■ An award of attorneys' fees under § 1988 is within the discretion of the district court, but "the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Ellwest Stereo Theatre, Inc. v. Jackson,* 653 F.2d 954, 955 (5th Cir.1981). The district court should award attorneys' fees to a prevailing plaintiff "absent special circumstances which render such an award unjust." *Int'l Oceanic Enterprises, Inc. v. Menton,* 614 F.2d 502, 503 (5th Cir.1980); *Ellwest,* 653 F.2d at 955; *Riddell v. Nat'l Democratic Party,* 624 F.2d 539, 543 (5th Cir.1980); *Universal Amusement Co. v. Hofheinz,* 616 F.2d 202, 204 (5th Cir.1980). No such special circumstances exist in this case which would render an award unjust.

The defendants offer several "factors which militate against a fee award." (*See* Opposition to Motion for Attorneys' Fees, pp. 5–8). None of these factors is sufficient to be a "special circumstance" which would make an award of attorneys' fees *"unjust."*

### I. Carrying Out Statutory Duties

First, the defendants assert that an award of fees against the Commissioners is inappropriate because the Commissioners were merely carrying out their statutory duties, and had no power to alter the composition of the Commission. The Fifth Circuit has held, however, that "the defendant's conduct, be it negligent or intentional, in good faith or bad, is irrelevant to an award of attorneys' fees." *Brown v. Culpepper,* 559 F.2d 274, 276 (5th Cir.1977) (citations omitted); *see Ellwest,* 653 F.2d at 955. In *Int'l Oceanic,* the court found that the argument that the defendants were "mere functionaries" failed. The court went on to note that because the defen-

dants were sued in their official capacities, any award of attorneys' fees would be paid by the city. 614 F.2d at 503–4. Furthermore, in this case the award of attorneys' fees may be paid either by the Commission or the state, rather than by the individual Commissioners. (*See infra* Section IV.)

### II. Doctrinal Reasons—Inability to Appeal

The defendants argue that an award would be unjust because the plaintiffs only became prevailing parties by virtue of the actions of a third-party (the legislature) which rendered their case moot prior to a determination on the merits. The defendants cite the dissenting opinion from the denial of a writ of certiorari in *Alioto v. Williams* in support of their position. The clear weight of precedent in this circuit, and in virtually every other circuit is contrary to this position. (*See supra* footnote 2). The Court also notes that the actions of the third-party in this case were prompted by the defendants who proposed the legislation. Accordingly, the Court finds this "doctrinal reason" for denying fees is without merit.

### III. Plaintiffs' Ability to Pay

■ The defendants argue that the plaintiffs are well-financed, and that "[t]here will be no set back to the civil rights movement if these automobile giants bear the cost of their own campaign." The Fifth Circuit has specifically held that "the financial status of the [plaintiff] is irrelevant. The plaintiff's ability to pay is not a special circumstance sufficient to render an award under § 1988 unjust." *Int'l Oceanic,* 614 F.2d at 503 (citing *Int'l Soc. for Krishna Consciousness, Inc. v. Collins,* 609 F.2d 151 (5th Cir.1980); *Bunn v. Central Realty of La.,* 592 F.2d 891 (5th Cir. 1979); *Gore v. Turner,* 563 F.2d 159 (5th Cir.1977)). Accordingly, this argument is without merit.

### IV. Hardship to Individual Commissioners

Finally, the defendants assert that hardship "will be worked on the individual de-

fendant Chairman and Commissioners if attorneys fees are granted." (*See* Opposition at p. 8). This suit was brought against the Commissioners in their official capacities. It is well-settled law that when defendants are sued in their official capacities, the Eleventh Amendment does not preclude an award of attorneys' fees against the state. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (fee awards are "payable by the state when their officials are sued in their official capacities.") In fact, a § 1988 award "may lie against the governmental unit even if it is not named as a party in the litigation." *Williams v. Thomas,* 692 F.2d 1032, 1039-40 (5th Cir. 1982) (citations omitted). *See also Int'l Oceanic,* 614 F.2d at 503-4. This proposition was recently reiterated in *Echols v. Parker,* 909 F.2d 795 (5th Cir.1990), where the court stated that "[a] state official must be sued in his official capacity for the state to be held liable for § 1988 attorney's fees under the *Hutto* doctrine."[5] *Id.* at 800. The Court agrees with the plaintiffs that "any fee award in this case will be recovered from the Louisiana Motor Vehicle Commission or the State of Louisiana—not from the individual defendants." (*See* Plaintiffs' Supplemental Memorandum in Support of Their Motion for Attorneys' and Costs Pursuant to 42 U.S.C. § 1988, p. 11).

The Court finds that the plaintiffs, Hyundai and Nissan, are prevailing parties for the purposes of 42 U.S.C. § 1988. Finding no special circumstances which would render an award of fees unjust, the Court grants the plaintiffs' motion for attorneys' fees.

Accordingly,

IT IS ORDERED that

(1) The Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 of plaintiffs, Hyundai Motor America and Nissan Motor Corporation in U.S.A., is GRANTED;

(2) this matter is referred to the Magistrate Judge for a determination of the

amount of reasonable attorneys' fees and costs to which the plaintiffs are entitled; and

(3) the hearing on this motion scheduled for October 9, 1991 is CANCELED.

---

**5.** Defendants argue in their Supplemental Response Memorandum that a fee award against the state is barred by the Eleventh Amendment. In light of *Hutto v. Finney* and its progeny cited herein, the Court finds that this argument borders on the frivolous.